UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-81174-Cannon/McCabe

FERNAN LUGONES,

    Plaintiff,

v.

RANGER CONSTRUCTION INDUSTRIES, INC.,

    Defendant.

_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("Motion") (DE 8), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 10, 11). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **GRANTED**.

## OVERVIEW

This is a disability discrimination case pursuant to the Americans with Disabilities Act ("ADA"). The Court accepts the following facts as true. On July 25, 2022, Plaintiff, a truck driver, developed a severe pain in his right foot due to a problem with his toenail (DE 6 ¶ 6). Plaintiff reported the problem to his supervisor, who instructed him to go to the hospital (DE 6 ¶ 9). At the hospital, an emergency room doctor diagnosed Plaintiff with a "nail avulsion" and told him to rest and not return to work for three days, i.e., until July 28, 2022 (DE 6 ¶ 11). Plaintiff informed Defendant of this news, at which point Defendant terminated Plaintiff's employment (DE 6 ¶¶ 14-15).

Plaintiff alleges his toenail condition constituted a "disability" within the meaning of the ADA, and he alleges two counts as follows:

Count I    Wrongful Termination under the ADA

Count II   Failure to Accommodate under the ADA

(DE 6).  By way of this Motion, Defendant seeks to dismiss the Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARD

In evaluating a Rule 12(b)(6) motion, the Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

Defendant urges dismissal of all counts of the Amended Complaint on the grounds that Plaintiff has not adequately pled a "disability" within the meaning of the ADA. *See Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255-56 (11th Cir. 2007) (noting that plaintiffs must show a "disability" as one of the mandatory elements of a disability discrimination claim).  As set forth below, the Court agrees.

The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(1). Under the ADA, "[m]ajor life activities include but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

In September 2008, Congress broadened the scope of "disability" by enacting the ADA Amendments Act of 2008, Pub.L. No. 110–325, 122 Stat. 3553 ("ADAAA"). By way of ADAAA, Congress directed that the definition of "disability" be "construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by [its] terms." 42 U.S.C. § 12102(4)(A). Congress likewise directed that the term "substantially limits" be interpreted consistently with the liberalized purposes of the ADAAA. 42 U.S.C. § 12102(4)(B).

Congress also directed the EEOC to revise its regulations to make them consistent with the new law. Pub.L. No. 110–325, § 2(b)(6). After notice and comment, the EEOC complied with this directive and revised its regulations. *See* Regulations To Implement the Equal Employment Provisions of the Americans With Disabilities Act, as Amended, 76 Fed. Reg. 16,978 (Mar. 25, 2011). Though not binding, courts may look to EEOC regulations for guidance in interpreting relevant provisions of the ADA. *Barnes v. Cochran*, 944 F. Supp. 897, 904 (S.D. Fla. 1996).

The revised regulations provide that "[t]he term 'substantially limits' shall be construed broadly in favor of expansive coverage" and that the term is "not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i). As to the temporal duration of a given impairment, the revised regulations provide that the "effects of an impairment *lasting or expected to last fewer than*

3

*six months* can be substantially limiting" for purposes of proving an actual disability.  29 C.F.R. § 1630.2(j)(1)(ix) (emphasis added).  The EEOC also published an Appendix to Part 1630, offering further guidance on the issue of impairment duration:

> Therefore, an impairment does not have to last for more than six months in order to be considered substantially limiting under the first or the second prong of the definition of disability.  For example … if an individual has a back impairment that results in a 20–pound lifting restriction *that lasts for several months*, he is substantially limited in the major life activity of lifting, and therefore covered under the first prong of the definition of disability.  At the same time, "[t]he duration of an impairment is one factor that is relevant in determining whether the impairment substantially limits a major life activity. *Impairments that last only for a short period of time are typically not covered, although they may be covered if sufficiently severe.*"

29 C.F.R. § Pt. 1630, App. (quoting Joint Hoyer–Sensenbrenner Statement on the Origins of the ADA Restoration Act of 2008, H.R. 3195 at 5).

Under pre-ADAAA law, courts generally found that temporary impairments could not qualify as "disabilities."  *See, e.g.*, *Samuels v. Kansas City Missouri Sch. Dist.*, 437 F.3d 797, 802 (8th Cir. 2006) (noting that "temporary impairments with little or no long-term impact are not disabilities").  In the wake of ADAAA, however, courts have recognized that *some* temporary impairments can meet the standard.  *See Summers v. Altarum Inst., Corp.*, 740 F.3d 325, 333 (4th Cir. 2014) (reversing the dismissal of an ADA claim where plaintiff alleged a temporary knee injury that prevented him from walking "for at least seven months"); *Dykstra v. Florida Foreclosure Attorneys, PLLC*, 183 F.Supp.3d 1222, 1230 (S.D. Fla. 2016) (denying motion to dismiss where plaintiff alleged a temporary back injury that caused him to "take a significant amount of time off work").

Applying the appropriate standards here, the Court finds Plaintiff has not stated a plausible claim, even under the post-ADAAA definition of "disability."  At its core, the Amended Complaint alleges that Plaintiff suffered a toenail injury that prevented him from working for only three days

4

(DE 6 ¶¶ 6-13).  Plaintiff has not cited any cases recognizing a "disability" based on such a short duration or time.  *Cf. Vargas v. St. Luke's-Roosevelt Hospital Center*, No. 16-CV-5733, 2020 WL 2836824, at *7 (S.D.N.Y. June 1, 2020) (finding no disability at the summary judgment stage, where plaintiff suffered appendicitis that allowed him to return to "full physical activity" after two months); *Brodzik v. Contractors Steel, Inc.*, 48 F. Supp. 3d 1183, 1189 (N.D. Ind. 2014) (dismissing complaint where plaintiff alleged a disability based on a six-week recovery from hernia surgery); *Butler v. BTC Foods, Inc.*, No. 12-492, 2012 WL 5315034, at *2 (E.D. Pa. Oct. 19, 2012) (same).  Absent further allegations, the Court finds, as a matter of law, that a three-day absence from work due to a toenail injury cannot equate to a "disability" within the meaning of the ADA.

The Court has considered, but finds unpersuasive, Plaintiff's citation to 42 U.S.C. § 12102(4)(D), which provides:

> **(4) Rules of construction regarding the definition of disability**
>
> The definition of "disability" in paragraph (1) shall be construed in accordance with the following:
>
> …
>
> (D) An impairment that is *episodic or in remission* is a disability if it would substantially limit a major life activity when active.

(emphasis added).  The EEOC Appendix to Part 1630 clarifies that "an impairment that is episodic or in remission is a disability if it would substantially limit a major life activity *in its active state*." 29 C.F.R. § Pt. 1630, App. (emphasis added).  The Appendix gives several examples of "episodic" impairments, including epilepsy, multiple sclerosis, cancer, and traumatic stress disorder.  *Id.*  The Court finds the facts here allege a one-time injury, not an "episodic" impairment within the meaning of 42 U.S.C. § 12102(4)(D).

## **RECOMMENDATION & NOTICE OF RIGHT TO OBJECT**

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion (DE 8) be **GRANTED** and that the Amended Complaint be **DISMISSED**. Given that the Court has not previously issued a ruling on any version of Plaintiff's claims, this dismissal should be **WITHOUT PREJUDICE,** affording Plaintiff one more opportunity to state a plausible claim.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 14th day of December 2023.

_____

RYON M. MCCABE
U.S. MAGISTRATE JUDGE