UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-81174-CIV-CANNON/McCabe

**FERNAN LUGONES**,

    Plaintiff,

v.

**RANGER CONSTRUCTION INDUSTRIES, INC.**,

    Defendant.
_____/

**ORDER ACCEPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

**THIS CAUSE** comes before the Court upon the Report and Recommendation issued by Magistrate Judge Ryon M. McCabe [ECF No. 20] on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") [ECF No. 16]. In February 2024, Defendant Ranger Construction Industries, Inc. ("Defendant") filed a Motion to Dismiss Plaintiff's SAC for Failure to State a Claim [ECF No. 16]. Following referral, Judge McCabe issued a Report recommending that the Motion be granted [ECF No. 20 pp. 1, 12]. Judge McCabe recommends that Counts I, II, III, and IV of the SAC be dismissed with prejudice [ECF No. 20 p. 12]. As to Count V, Judge McCabe recommends that it be dismissed without prejudice so Plaintiff can re-file the claim in state court [ECF No. 20 p. 12]. Defendant filed a Notice of No Objection [ECF No. 21]. Plaintiff objects to the Report [ECF No. 22].

The Court has conducted a de novo review of the Report [ECF No. 20], Plaintiff's Objections [ECF No. 22], and the full record. In light of the Rule 12(b)(6) posture in which the Motion arises, the Court elects to permit Counts I and II to proceed to discovery so the record may

be further developed on the disputed questions of severity and duration concerning Plaintiff's alleged toenail-related disability. With respect to Counts III and IV, however, the Court agrees with the Report that dismissal with prejudice is warranted because Plaintiff's own allegations, even when construed in the light most favorable to Plaintiff, do not plead a "serious health condition" as required to make out a claim under the Family Medical Leave Act ("FMLA"). Finally, as to the state retaliatory discharge claim in Count V, Fla. Stat. § 440.205, the Court determines that the claim may proceed for now pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367. Nothing in this Order shall be construed as a comment on the merits of any of Plaintiff's remaining claims.

Accordingly, the Report [ECF No. 20] is **ACCEPTED IN PART AND REJECTED IN PART**, and Defendant's Motion is **GRANTED IN PART AND DENIED IN PART** [ECF No. 16].

**RELEVANT BACKGROUND**

Plaintiff Fernan Lugones has filed three complaints in this case, leading to the operative SAC [ECF No. 15] addressed in the instant Report [ECF No. 20].[1] According to the SAC, on July 25, 2022, Plaintiff tripped on a heavy container and hit his toe, which caused his nail to be pulled off and impaled into the flesh of his toe [ECF No. 15 ¶ 6]. Plaintiff notified his supervisor, who

---

[1] Plaintiff filed the initial Complaint in August 2022, seeking declaratory and injunctive relief and damages pursuant to the Americans with Disabilities Act (ADA) for alleged "race-based and disability-based discriminatory treatment of Plaintiff" [ECF No. 1]. Defendant moved to dismiss for failure to state a claim under Rule 12(b)(6), after which Plaintiff filed a First Amended Complaint generally reasserting the same two claims as raised in the initial Complaint (wrongful termination under the ADA and failure to accommodate under the ADA) [ECF Nos. 5–6]. Defendant again moved to dismiss under Rule 12(b)(6); the Court referred the Motion to Magistrate Judge McCabe for a Report; Magistrate Judge McCabe recommended dismissal without prejudice and one final opportunity to replead; and the Court accepted that recommendation [ECF Nos. 8–14], leading to the instant SAC.

told Plaintiff to go to the hospital [ECF No. 15 ¶ 9].  Upon arrival at the emergency room, a doctor cut the embedded toenail out of Plaintiff's toe flesh in what Plaintiff described as a "medical surgical procedure" [ECF No. 15 ¶ 11].  After treating Plaintiff, the doctor instructed Plaintiff not to return to work until July 28, 2022 [ECF No. 15 ¶ 12].  The doctor also gave Plaintiff a doctor's note, advising that Plaintiff would not be able to cover his foot or use shoes until healed, and noting that Plaintiff was limited in his ability to walk, stand, and work [ECF No. 15 ¶¶ 12, 14].  On July 26, 2022, Plaintiff called the company and stated that he would be able to return on July 28, 2022 [ECF No. 15 ¶ 16].  During that call, Defendant informed Plaintiff that he was terminated for abandoning his job [ECF No. 15 ¶ 17].

On the basis of those allegations, Plaintiff filed the operative complaint alleging the following claims: wrongful termination and failure to accommodate under the ADA (Counts I and II); interference with rights and retaliation under the FMLA (Counts III and IV); and retaliatory discharge under Fla. Stat. § 440.205 (Count V) [ECF No. 15].

Defendant again moves to dismiss under Rule 12(b)(6), this time with prejudice given the prior amendment history in this case and the nature of Plaintiff's allegations [ECF No. 16 pp. 9–10].  The Report is ripe for adjudication [ECF Nos. 20–22].

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

### I. Counts I and II

In Counts I and II, Plaintiff alleges claims for wrongful termination and failure to accommodate under the ADA, respectively [ECF No. 15 ¶¶ 22–43]. The Report addresses these claims in light of the broadened scope of "disability" established by Congress's enactment of the ADA Amendments Act of 2008, Pub. L. No. 110–325, 122 Stat. 3553 ("ADAAA"). The Report ultimately concludes that Plaintiff's toenail injury—which was of limited duration and severity—does not, as a matter of law, rise to the level of a "disability" under the ADA [ECF No. 20 pp. 6–8]. Plaintiff objects to that conclusion, arguing that "courts have declined to grant dismissal at the pleading stage on the issue of whether a temporary impairment qualifies as an actual disability" [ECF No. 22 pp. 6–7].

Under the ADA, the statutory term "disability" as relates to an individual means: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment [.]" 42 U.S.C. § 12102(1); *Equal Emp. Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1314 (11th Cir. 2019). To show actual disability, Plaintiff must demonstrate that he had "a physical or mental impairment that substantially limits one or more major life activity." 42 U.S.C. § 12102(1)(A). Under 29 C.F.R. § 1630.2(h)(1) a physical impairment is "[a]ny physiological

4

disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal." 29 C.F.R. § 1630.2(h)(1). Walking, standing, and sitting constitute major life activities under 29 C.F.R. § 1630.2(i)(1)(i). "The 'substantially limits' and 'major life activity' requirements do not impose demanding standards and are to be construed broadly in favor of coverage." *Godbee v. Sam's W., Inc.*, No. 21-60513-CIV, 2022 WL 2804843, at *3 (S.D. Fla. Feb. 17, 2022) (quoting 29 C.F.R. §§ 1630.2(i)(2), 1630.2(j)(1)(i)).

Plaintiff incorrectly argues that the Report did not consider the severity of Plaintiff's impairment in conjunction with its duration [ECF No. 22 p. 4]. The Report comprehensively addresses those issues in its determination that Plaintiff's alleged injury does not qualify as a disability under the ADA [ECF No. 20 pp. 5–8]. In any event, the Court ultimately determines that, despite the Report's thorough explanation of the relevant legal standards and associated caselaw, it is more appropriate to permit the ADA claims to proceed to discovery rather than reach a conclusion about the disability question as a matter of law at the motion-to-dismiss stage. This is because, taking the facts in the light most favorable to Plaintiff, and mindful of Congress's directive to construe "disability" broadly, 42 U.S.C. § 12102(4)(A); *see* 29 C.F.R. § 1630.2(j)(1)(i), the SAC alleges sufficient facts to state a plausible claim for relief under the ADA, even if only a tenuous one. Plaintiff alleges that (1) he injured his toe and toenail on the job on July 25, 2022; (2) his supervisor told him to go to the hospital; (3) he went to the emergency room immediately, where a doctor performed a "medical surgical procedure" by cutting his toenail out of his flesh, "causing bleeding and an open wound"; (4) the doctor informed him that he "was limited in the major life activit[ies] of walking, standing, and working" and could not use shoes or a foot covering until he healed; and (5) Plaintiff avers that he was limited "in the major life activit[ies] of walking, standing, and working" but could return to work on July 28, 2022 [ECF No.

15 ¶¶ 6–15]. Although Defendant raises compelling arguments about the limited severity and duration of Plaintiff's injury given his expressed return-to-work date, there is sufficient factual content in the SAC to plausibly infer that Plaintiff suffered a physical impairment that substantially limited his ability to walk, stand, and work. Ultimate questions about duration and severity are better suited for summary judgment.

## II.  Counts III and IV

Plaintiff objects to the Report's recommendation that the FMLA claims in Counts III and IV be dismissed with prejudice, arguing that "Plaintiff can plead that he had a serious medical condition" [ECF No. 22 p. 8]. Plaintiff claims that the Report erred in determining that his "incapacity" lasted only three days [ECF No. 22 p. 8]. The Court disagrees. As the Report concludes, Plaintiff's own admissions fail to plead a "serious health condition" as required under the FMLA.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

The FMLA entitles eligible employees to leave for one or more of various conditions, including, as relevant here, "a serious health condition that makes the employee unable to perform

6

the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). The statute then imposes liability on any employer that interferes with such rights or discriminates or discharges an employee for opposing any practice made unlawful under the FMLA. *Id.* § 2615(a); *see also* 29 C.F.R. § 825.220(a). "Interference and retaliation claims both require the employee to establish a 'serious health condition.'" *Russell v. N. Broward Hosp.*, 346 F.3d 1335, 1340 (11th Cir. 2003) (quoting 29 U.S.C. § 2612(a)(1)(D)). The term "serious health condition" is defined in the FMLA as "an illness, injury, impairment, or physical or mental condition that involves . . . either inpatient care in a hospital, hospice, or residential medical care facility"—which is not alleged here—or "continuing treatment by a health care provider." 29 U.S.C. § 2611(11). A "serious health condition" by way of "continuing treatment" is defined by regulation to mean "[a] period of incapacity of more than three consecutive, full calendar days." 29 C.F.R. § 825.115(a).

Here, while Plaintiff argues that the "complaint does not actually state the full length of time that Plaintiff was ultimately impaired by his injury [on July 25, 2022]" [ECF No. 22 p. 8], he omits the portion of the SAC where he alleges that he informed Defendant during a phone call on July 26, 2022, that he "could return to work on July 28, 2022" [ECF No. 15 ¶ 16]. Based on this chronology as alleged by Plaintiff himself—in his now third pleading based on the same incident [ECF Nos. 1, 6, 15]—it is clear that Plaintiff was not incapacitated for "more than three consecutive full calendar days" as required to plead a "serious health condition" involving continuing treatment. Plaintiff thus has not plausibly alleged an essential element of his FMLA claims.

Having determined that Counts III and IV plainly do not state a claim under the FMLA given the absence of a "serious medical condition," the question becomes whether to permit an additional round of repleading. *See* Fed. R. Civ. P. 15(a)(2). The Report rejects the request for

7

yet another round of pleading, and the Court agrees. Plaintiff has had three opportunities to tell the Court what happened and to plead a viable claim [ECF Nos. 1, 6, 15]. By his own admissions as pled in the SAC, he did not suffer a serious medical condition for more than three consecutive days. He now says that he needs another opportunity to replead "to provide sufficient factual information to support his FMLA claims, and specifically . . . that his impairment actually lasted longer than three consecutive calendar days" [ECF No. 22 p. 8]. But he offers nothing to explain why he could not have provided that information in any of the three prior pleadings he has presented to this Court; he does not actually specify what he would add in the form of "additional factual content" with respect to his "serious health condition"; and more importantly, the Court already warned Plaintiff that he had one final opportunity to file a Second Amended Complaint [ECF Nos. 12, 14]. Justice does not require the Court to permit Plaintiff a fourth opportunity to amend [*See* ECF No. 1, 6, 15].

### III. Count V

Count V of Plaintiff's SAC claims retaliatory discharge under Fla. Stat. § 440.205 [ECF No. 15 pp. 9–11]. Defendant argues that Plaintiff's SAC "fails to allege that [Plaintiff] actually filed a workers' compensation claim, when he filed such a claim, or when Defendant was put on notice of such a claim" [ECF No. 16 p. 9]. In response, Plaintiff contends that he suffered a workplace injury, notified Defendant of the injury and of his medical treatment, but was fired before he could claim workers' compensation benefits [ECF No. 17 p. 17]. The Report recommends dismissal of Count V without prejudice to be re-filed in state court [ECF No. 20 pp. 11–12]. Plaintiff did not specifically object to the Report's recommendation as to Count V, but the Report's dismissal of Count V is based only on the lack of jurisdiction created by the Report's

recommendation to dismiss Counts I through IV [ECF No. 20 p. 11]. The Court thus addresses Defendant's Rule 12(b)(6) to Count V.

Under Fla. Stat. § 440.205, "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law." Fla. Stat. § 440.205. To state a prima facie claim for retaliatory discharge under that statute, "Plaintiff must show that he (1) engaged in statutorily protected activity, (2) an adverse employment action occurred, and (3) the adverse action was causally related to the Plaintiff's protected activities." *Leon v. Tapas & Tintos, Inc.*, 51 F.Supp.3d 1290, 1295 (S.D. Fla. 2014) (citing *Little v. United Technologies*, 103 F.3d 956, 959 (11th Cir. 1997). An employee can establish a claim for discriminatory retaliation, engaging in statutorily protected activity, without filing a formal workers' compensation claim before the termination of employment if the employee took "steps to begin the process of seeking benefits under the statute, such as notifying the employer about the injury and discussing treatment with the employer." *Moore v. Schroth Safety Prod. LLC*, No. 1:22-CV-61020, 2022 WL 19561405, at *3 (S.D. Fla. Aug. 10, 2022) (quoting *Salus v. Island Hosp. Fla. Mgmt., Inc.*, 289 So.3d 926, 929–30 (Fla. Dist. Ct. App. 2020)).

Here, at the motion-to-dismiss stage, Plaintiff alleges that he suffered a workplace injury and notified Defendant of the injury, his doctor's note, and of the treatment that he was receiving [ECF No. 15 ¶¶ 6, 13, 14, 16, 18, 66]. Taking these facts in the light most favorable to Plaintiff, the SAC alleges that Plaintiff took "steps to begin the process of seeking benefits under the statute, such as notifying the employer about the injury and discussing treatment with the employer." *Salus*, 289 So. 3d at 929. Count V may proceed.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 20] is **ACCEPTED IN PART AND REJECTED IN PART**.

2. Defendant's Motion to Dismiss [ECF No. 16] is **GRANTED IN PART AND DENIED IN PART**.

3. Nothing in this Order should be construed as a comment on the merits of Plaintiff's remaining claims.

4. Counts I, II, and V of the Second Amended Complaint may proceed. Defendant shall file an Answer to these Counts on or before **August 30, 2024**.

5. Counts III and IV of Plaintiff's Second Amended Complaint are **DISMISSED WITH PREJUDICE**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 16th day of August 2024.

                                                                    **AILEEN M. CANNON**
                                                        **UNITED STATES DISTRICT JUDGE**

cc: counsel of record